### INTERNATIONAL TICKET SCALE CORPORATION v. RHODES–HOCHRIEM MFG. CO.

#### No. 4481.

Circuit Court of Appeals, Third Circuit.

Feb. 13, 1931.

Watson, Bristol, Johnson & Leavenworth, of New York City, and William G. Mahaffy, of Wilmington, Del. (Leonard A. Watson, of New York City, of counsel), for appellant.

Pennie, Davis, Marvin & Edmonds, of New York City (W. B. Morton, of New York City, of counsel), for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

BUFFINGTON, Circuit Judge.

This is an appeal by the defendant from a decree in a patent suit based on Letters patent No. 1,558,644 of Theodore L. Smith, Jr., for a scale, issued October 27, 1925, and owned by the plaintiff. After hearing, the court below entered a decree holding claims 4 and 5 of the patent valid and infringed.

The invention, admittedly not a broad one, is limited to that part of a penny in the slot weighing machine where the mechanism is adjusted, calibrated, or "sealed" to insure accurate recordation of the weight of a person standing on the treadle. It relates, as the patentee says, "to the connection between the lever mechanism and the indicating mechanism * * * and its object is to produce a device of this character which can be accurately made so that the indicating mechanism will move equal distances for equal increments of load on the lever mechanism," and thus cause an accurate record of the load.

The only mechanism of such a weighing machine that is visible from the outside is the treadle, the upstanding case, and the weight-recording dial. The treadle at the bottom and the dial at the top are connected inside the case by mechanism all old save the one patented feature. The hidden old elements and the one new element (italicized), rising progressively upward from the treadle to the dial, are a connection between the treadle and a spring-suspended cross-bar, *two upwardly projecting links, one loosely attached to the cross-bar, the other loosely attached to the case, and both loosely joined at their upper ends by a pin; a sliding contact between the pin and the lower or sealed end of a rack-bar* whose meshed upper part engages the meshes of a wheel and causes the wheel, when set in motion by the downward drag of the weight on the treadle, to rotate inside and the hand of the dial to rotate outside, thus registering the weight. More specifically, the invention relates only to the links above the cross-bar and the lower or sealed end of the rack-bar and the connection between these members, the patentee saying:

"My present invention consists in a novel connection between the cross-bar 9 and the rack-bar 14. A plate 15 may be formed on or attached to the lower end of the rack-bar and a bracket 16 carried by the case supports a pivot 17 on which the link 18 is mounted.

An adjustable bolt 19 carries a pin 20 on which a second link 22 is mounted. The two links are connected and spaced by a pin 23 and the plate 15 rests on this pin."

At the point of contact of links 18 and 22 (through pin 23), with a plate 15 at the bottom end of the rack-bar, the pin of the two links at their juncture sweeps against plate 15 downwardly and horizontally when a weight is placed on the treadle, which causes accurate recordation of the weight after plate 15 has been filed, calibrated, or sealed under test weights in the course of its manufacture.

The invention, claimed to be new, is said to be useful because it permits of accurate sealing and effects accurate recording.

The defendant does not specifically challenge the validity of the patent, but, in its defense of noninfringement, relies on the contention that, if the patent is valid at all, its claims are so narrow in view of the art that the defendant has not infringed; and, conversely, if the patent claims are stretched so broadly as to cover the defendant's structure, then the claims, likewise, cover prior art and prior public uses, and are invalid.

While we have carefully studied the prior patents and proofs of prior uses, there are only two alleged anticipating or limiting devices to which we shall refer. One is the Columbia scale with a spring-suspended cross-bar similar to that of the patent, having an upward projection in sliding contact with a sealed projection depending from another member functioning as a rack-bar. The other is the Caille-Washington scale of the Hochriem patent, No. 1,584,097, with a rocking-beam in place of a cross-bar, one of whose ends is loosely mounted on the case and the other end is spring-suspended, carrying a pin somewhat like the link pin 23 of the patent, in sliding contact with the lower sealed end of a rack-bar of the type of the patent. Without discussing the proofs, it suffices to say that all three devices operate on substantially the same principle, that is, each causes some part or connection of the weight-drawn member—cross-bar or rocking-beam—to slide on the rack-bar, or its equivalent, after the contour of one or the other has been altered, adjusted, or sealed to respond accurately to test weights.

The invention of the patent, if any, is to be found in the difference between its rack-bar contact and the rack-bar contacts of the other two devices and, particularly, in the difference with respect to ease of sealing the rack-bar member to effect accurate weighing and accurate weight recordation. The defendant's alleged infringing device is really a combination of certain elements of the old Columbia and Washington devices in somewhat changed positions. It differs from the device of the patent mechanically, in that the calibrated or scaled member, instead of being the lower end of the rack-bar, is an upward projection from a rocking-beam, the Washington scale equivalent of cross-bar 9 of the patent, positioned to sweep against a pin in the nonsealed bottom of the rack-bar on its descent. It resembles the device of the patent operatively, in that the sweep of the sealed member across the unsealed member has the same combined downward and horizontal curve as that of the sliding nonsealed member of the patent. Yet the Columbia scale has in reverse position the same or a kindred sweep of its sealed member, curved and functioning in much the same way.

We are constrained to hold without further discussion that the claims of the patent in suit, if valid, are so narrow in view of the art that the defendant's device does not infringe them.

The decree is reversed, with direction that another decree be entered holding the claims in suit not infringed.